UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YARNISE HINES,

                              Plaintiff,

v.

UNIVERSITY OF DETROIT
MERCY d/b/a UNIVERSITY OF
DETROIT MERCY SCHOOL OF
DENTISTRY, *et al.*,

                              Defendants.
_____/

Case No. 25-10192

Denise Page Hood
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## <u>ORDER ON DEFENDANTS' MOTION TO COMPEL (ECF No. 13)</u>

Pending before the Court is Defendants' *Motion to Compel and*

*for Reasonable Expenses Pursuant to Fed. R. Civ. P. 37* (ECF No. 13).  The

District Judge referred this motion to the undersigned, and the motion is fully

briefed.  (ECF Nos. 13, 14, 15, 16).  Based upon the reasons set forth below,

Defendants' motion is **GRANTED**.

## I.      BACKGROUND

This case arose out of Plaintiff Yarnise Hines's allegations that she was

discriminated against by Defendants while enrolled at the University of Detroit

Mercy School of Dentistry ("UDMSOD").  (ECF No. 1, PageID.4–5, ¶¶ 11, 24–

32).  Plaintiff experienced mental health challenges which qualified as a disability

for which she received accommodations at the UDMSOD.  (*Id.* at PageID.4, ¶¶ 13–14).  At some point after her admission to the UDMSOD, Plaintiff allegedly experienced a decline in mental health and found that her normal medication regimen had become ineffective.  (*Id.* at ¶¶ 15–20).  Plaintiff's academic performance suffered as a result.  (*Id.* at ¶¶ 21–22).  Though Plaintiff informed the UDMSOD about these difficulties, it did not provide additional accommodations.  (*Id.* at PageID.4–5, ¶¶ 23–25).  Plaintiff's condition allegedly worsened when UDMSOD administrators allegedly told other students not to befriend her.  (*Id.* at PageID.5, ¶ 29).  She also claimed that the appointment of non-party Dr. Michele Wheater in 2021 only made things worse.  (*Id.* at ¶ 30).  Ultimately, the UDMSOD dismissed Plaintiff based on her academic performance.  (*Id.* at PageID.5, ¶¶ 34–35).

Plaintiff, in turn, sued UDMSOD and several of its administrators, namely Dean Mert Aksu; Associate Dean for Academic Administration John Ryder; and Juliette C. Daniels, the Associate Dean of Student Services and Enrollment Management.  (*Id.* at PageID.3, ¶¶ 2–5).  She brought claims under federal and state law seeking equitable and compensatory relief.  (*Id.* at PageID.5–11, ¶¶ 37–107).

On September 24, 2025, Defendants served Plaintiff with written discovery consisting of interrogatories and requests for production.  (ECF No. 13-2).

Plaintiff responded, but Defendants asserted that the responses were deficient and, on November 24, 2025, sent Plaintiff a letter outlining the deficiencies and requesting supplemental responses. (ECF Nos. 13-4, 13-5). When Plaintiff failed to provide supplemental responses, Defendants moved to compel various forms of discovery on January 5, 2026—the discovery cutoff date. (ECF No. 13). For instance, Defendants ask the Court to compel Plaintiff to produce her initial disclosures, witness list, and supplemental responses to written discovery requests. (*Id.* at PageID.83–92). They also request an award of costs and fees. (*Id.* at PageID.92–93). After Defendants filed their motion to compel, Plaintiff filed supplemental responses to cure the alleged defects. (ECF No. 15-3). And while Plaintiff did not directly respond to the arguments raised in Defendants' principal brief, she maintains that she has produced all responsive materials in her possession and addressed "any and all of Defendants['] questions" during a six-hour deposition. (ECF No. 14). Though this supplemental production resolved the issue as to Plaintiff's witness list, Defendants assert that the supplemental responses remain largely deficient. (ECF No. 15).

## II.   LEGAL STANDARD

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

3

parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable.  *Id.*  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320–21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  Fed. R. Civ. P. 37.

## III.   DISCUSSION

On January 30, 2026, this Court filed an Order for the parties to submit a Joint Statement indicating which discovery responses remain in dispute.  (ECF No. 19).  The parties identified three remaining active discovery disputes in the Joint Statement: (1) Plaintiff's initial disclosures; (2) Interrogatory No. 9; and (3) Requests for Production ("RFP") Nos. 22–24.  (ECF No. 21, PageID.677).  Also remaining is Defendants' request for an award of costs and fees.  The Court addresses each in kind.

## A.       Initial Disclosures

Plaintiff's initial disclosures consist of a single sentence in which she affirms that she "has complied with the Federal Rule of Civil Procedure 26(a)(1) in that she has tendered any and all information/documents in her possession required to comply with Rule 26 to Defendants."  (ECF No. 21-1, PageID.680).  This is insufficient because it does not disclose any of the information required by Rule 26(a)(1).

Rule 26(a)(1) requires parties, "*without awaiting a discovery request*," to provide to other parties the names, addresses, and telephone numbers of individuals who may have discoverable information; a copy or description of all documents the disclosing party may use to support its claims; and, among other things, a computation of claimed damages.  Fed. R. Civ. P. 26(a)(1)(A)(i)–(iii) (emphasis added).  The document provided by Plaintiff does not include any names, addresses, or telephone numbers of any individuals, any specific references to any documents, or any computation of damages.

Initial disclosures are designed to streamline the litigation process and "secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Initial disclosures are not designed to lead the opposing party on a search for pertinent information that may be within documents

that have already been produced.  The Court does not view compliance with Rule 26(a)(1) as a heavy lift.  Initial disclosures must accord with that Rule.

Secondly, "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference. . . ."  Fed. R. Civ. P. 26(a)(1)(C).  The parties conferred on March 17, 2025, and agreed to extend the deadline for disclosures to April 18, 2025.  (ECF No. 7, PageID.61).  Defendants did not receive Plaintiff's initial disclosures until January 7, 2026—nearly nine months after the agreed upon deadline, two days after the close of discovery, and only after Defendants filed a motion to compel.  (ECF No. 15, PageID.174).  This is plainly inconsistent with Rule 26(a)(1)(A)'s instruction that initial disclosures "must" be provided "without awaiting a discovery request."  Accordingly, Defendants' motion to compel initial disclosures is **GRANTED**, and Plaintiff is **ORDERED** to provide proper initial disclosures **within fourteen days of this Order**.

## B.      Interrogatory No. 9

Interrogatory No. 9 asked Plaintiff to identify all email addresses and telephone numbers that Plaintiff has used to send or receive messages, email, and other electronic information, and all internet, cellular, and telephone providers Plaintiff has obtained service from in the previous five years.  (ECF. No. 13-4, PageID.141–42).  Plaintiff's responses to Interrogatory No. 9 are also insufficient.

6

As an initial matter, Plaintiff's initial objection and supplemental response are procedurally defective.  Rule 33 lays out several requirements for answering interrogatories.  One of those requirements is that the answers be made under oath. *See* Fed. R. Civ. P. 33(b)(3); *Norris v. MK Holdings, Inc.*, 734 F. App'x. 950, 956 (6th Cir. 2018) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.") (citation modified).  Plaintiff's initial objection and supplemental response were not made under oath and are therefore improper.

Secondly, a proper objection to an interrogatory must be "stated with specificity."  Fed. R. Civ. P. 33(b)(4).  Plaintiff initially objected to Interrogatory No. 9 as "not relevant" and "overly broad for the purpose of this case."  (ECF No. 13-4, PageID.142).  But Plaintiff did not explain how Interrogatory No. 9 is irrelevant or how it is overbroad.  Boilerplate objections of this kind are insufficient under Rule 33, as they do not permit the Court to properly assess the objection.  *See Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols.*, No. 2:15-cv-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.") (citation modified).  As the responding party, it is Plaintiff's burden to explain why Interrogatory No. 9 is improper.  *See id.* at *2 (quoting *Polylok, Inc., et al. v. Bear Onsite, LLC, et al.*, No. 3:12-cv-00535, 2017

WL 1102698, at *1 (W.D. Ky. Mar. 23, 2017)) ("The burden . . . rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper.") (citation modified). Plaintiff's boilerplate objections do not satisfy this burden because they lack the specificity required by Rule 33(b)(4).

Additionally, Plaintiff's supplemental response to Interrogatory No. 9 states: "Plaintiff provided answers to this interrogatory and further detailed information during six-hour deposition held in Butzel Long offices on December 9, 2025 at 10:00am. Plaintiff disclosed requested information and has nothing further to add at this time." (ECF No. 15-3, PageID.187).

General references to deposition testimony are "technically improper and unresponsive" and do not satisfy Rule 33(b)(3)'s requirement that interrogatories be "fully" answered. *Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, No. 14-cv-12972, 2016 WL 4662431, at *3 (E.D. Mich. Sept. 7, 2016) (quoting *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007)); *see also Wagner Equip. Co. v. Wood*, No. 11-466, 2012 WL 12862336, at *4 (D.N.M. Nov. 21, 2012) ("Interrogatory responses that refer to depositions are not complete and not in compliance with Rule 33 of the Federal Rules of Civil Procedure.") (citation modified); 8B Wright & Miller's Federal Practice & Procedure § 2177 (3d ed. Sept. 2025 Update) ("It has been said that interrogatories should be answered directly and without evasion in accordance with information that the answering party

8

possesses after due inquiry.  Simply referring to pleadings or other discovery is frequently found insufficient.").

That said, the responding party may reference specific excerpts of deposition testimony that are responsive to the interrogatory.  *See Wagner Equip. Co.*, 2012 WL 12862336, at *4 ("A party may, however, respond to an interrogatory with deposition testimony, where that testimony is responsive and where the specific pages or portions of the transcript are provided.").

Accordingly, Defendants' motion to compel a proper supplemental response to Interrogatory No. 9 is **GRANTED**, and Plaintiff must provide her supplemental response **within fourteen days of this Order**.

### C.    RFP Nos. 22–24

The final discovery dispute relates to RFPs 22–24.  RFP No. 22 asked Plaintiff to provide "[a]ll documents reflecting the academic policies that were allegedly breached by Defendants as alleged in Count I of Plaintiff's Complaint." (ECF. No. 13-4, PageID.150).  RFP No. 23 sought "[a]ll documents that relate to the alleged Academic Agreement at issue in Count II of Plaintiff's Complaint." (*Id.* at PageID.151).  And RFP No. 24 targeted "[a]ll documents that relate to the alleged readmission agreement identified in Count III of Plaintiff's Complaint." (*Id.*).

9

Plaintiff initially objected to these RFPS by stating, "Defendants are currently in possession of policies relating to University of Detroit Mercy School of Dentistry academic policies, procedures, and agreements." (*Id.*). But this response is insufficient because it fails to meet the specificity requirement for an objection under Rule 34.

Rule 34 authorizes a party to request the production of "items in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). To make an objection to a request for production, the responding party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). A proper objection "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

While there is authority suggesting that a responding party need not produce documents that are already in the requesting party's possession, *see, e.g., Wolgast v. Tawas Area Sch. Dist. Bd. of Educ.*, No. 15-cv-10495, 2015 WL 13660458, at *2 (E.D. Mich. July 27, 2015),[1] most district courts in this Circuit have held the opposite. *See Kong v. Chatham Vill. HOA*, No. 2:23-cv-02405, 2024 WL

---

[1] Efficiency was the primary concern for the *Wolgast* Court. 2015 WL 13660458, at *2 ("To ensure the expeditious resolution of this unnecessary interruption, Defendants are ordered to produce a list of the documents they seek and which they do not already possess."). Yet if Plaintiff tacitly relies on an efficiency argument, then it is a hollow one given that Plaintiff has hardly acted efficiently since she only provided insufficient initial disclosures *after* discovery closed and only *after* Defendants filed their motion to compel.

4329143, at *12 (W.D. Tenn. Aug. 30, 2024), *report and recommendation adopted*, 2025 WL 502747 (W.D. Tenn. Feb. 14, 2025) (collecting cases); *see also Hendershot v. Pella Corp.*, No. 5:23-cv-00121, 2024 WL 3246135, at *4 (W.D. Ky. June 28, 2024) ("Merely alleging that the documents requested are in the possession of the requesting party, without any other appropriate objection, does not render a request for production improper.") (citation modified); *Morgan v. AMISUB (SFH), Inc.*, No. 18-cv-2042, 2020 WL 4274586, at *3 (W.D. Tenn. July 24, 2020) ("Even if [Defendant] already has all relevant documents in its possession, this does not relieve [Plaintiff] of her obligation to respond in accordance with the Federal Rules of Civil Procedure."), *aff'd*, 2020 WL 4917731 (W.D. Tenn. Aug. 21, 2020).

Plaintiff's supplemental responses likewise fail to adequately address RFPs 22–24.  Plaintiff responded in the same manner as she did to Interrogatory No. 9— by referring to prior deposition testimony.[2]  Because this response was insufficient under Rule 33, it follows that it is also improper under Rule 34.  *See* 8B Wright & Miller's Federal Practice & Procedure § 2213 (database updated September 2025) ("Amendments adopted in 2015 added requirements for responding parties who object to Rule 34 requests.  As amended, Rule 34(b)(1)(B) requires that objections

---

[2] Plaintiff asserts that she provided answers to the requests for production, however, Plaintiff does not indicate whether the documents Defendants sought were produced.

11

be stated 'with specificity.'  This requirement is parallel with an existing requirement for responses to interrogatories.") (citation modified).

And in any event, RFPs 22–24 fall squarely within the scope of discovery. Defendants are not requesting a copy of *all* the University's academic policies. Rather, Defendants seek "[a]ll documents reflecting the academic policies that were allegedly breached by Defendants . . . ." (ECF No. 13-4, PageID.150).  To prepare its defense, Defendants are entitled to know which exact policies they allegedly violated.  Further, a request for production targeting the policies on which Plaintiff's claims are based promotes efficient discovery by removing ambiguity since the policies at issue may have been updated since the events alleged in Plaintiff's Complaint.  Accordingly, Defendants' motion to compel supplemental responses to RFPs 22–24 is **GRANTED**.  Plaintiff's supplemental production is due **within fourteen days of this Order**.

### D.    Award of Costs and Fees

The Federal Rules of Civil Procedure provide that, "[i]f the motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  The Court will not order such payment if it finds: "(i) the movant filed the motion before attempting in good

faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Here, Plaintiff has not argued whether any of these three exceptions apply. Even so, the Court acknowledges that the parties were able to resolve many of the discovery disputes raised in Defendants' motion.  It would therefore be unjust to require Plaintiff to pay an award of Defendants' full costs and fees.  That said, Plaintiff must pay for costs and fees related to the issues on which Defendants prevailed.  Thus, Defendants' request for costs and fees is **GRANTED** to the extent that it covers costs and fees related to their motion to compel proper initial disclosures and supplemental responses to Interrogatory No. 9 and RFP Nos. 22– 24 and **DENIED** as to the other issues the parties managed to resolve themselves.

## IV.   CONCLUSION

For the above-stated reasons, Defendants' *Motion to Compel and for Reasonable Expenses Pursuant to Fed. R. Civ. P. 37* (ECF No. 13) is **GRANTED**. Plaintiff is therefore **ORDERED** to provide proper initial disclosures and supplemental responses to Interrogatory No. 9 and RFP Nos. 22–24 **within fourteen days of this Order**.  Plaintiff is also **ORDERED** to reimburse the reasonable costs and fees Defendants incurred on this motion with respect to initial

disclosures, Interrogatory No. 9, and RFP Nos. 22–24 **within fourteen days of this Order**. Should the parties fail to reach agreement regarding reasonable costs and fees, Defendants shall file a bill of costs supporting their request. Plaintiff must then file a response within fourteen days of service of the bill. No reply will be allowed.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 16, 2026                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

14